UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHNEAN ALEXIS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-118 ACL |
| | ) | |
| ALORICA HEALTHCARE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Johnean Smith for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* She names Alorica Healthcare as the defendant in this action.

On her form complaint, plaintiff indicates that the nature of her case involves a failure to hire by defendant Alorica Healthcare. Plaintiff indicates a belief that she was discriminated against and retaliated against based on her race, color, gender and disability.

2

In the section for plaintiff to specify the essential elements of her claim, she states the following:

> In May I applied for a customer service position and completed an assessment. I received an email from respondent congratulating me for being a good match the same day I was interviewed by Noe Antipuerto and he informed that next steps would be a virtual interview and that I would receive a link for the interview in which I never received. I then received a rejection letter by email. I made several attempts to reach out asking for the link and no one ever responded. The day after I filed the charge I received an invitation from Alorica Healthcare to complete an assessment in which I had already completed and then again a few days later I received another invitation to complete an assessment. I did not respond to either communication as I feel it was only sent because I had filed a charge of discrimination. I was told I was a good match and what the company was looking for only to be told the same week that I wasn't a good match.

Plaintiff asserts that she would like compensation for "emotional and financial strain." Attached to plaintiff's complaint is a notice of right to sue issued by the Equal Employment Opportunity Commission (EEOC) on September 2, 2022. Plaintiff, however, has failed to file a copy of her charge of discrimination with the Court.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to Title VII and the ADA. Having reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court has determined that it is subject to dismissal for failure to state a claim. However, because plaintiff is proceeding pro se, she will be allowed the opportunity to file an amended complaint, along with a copy of her charge of discrimination.

## A.  Defects in Complaint

As noted above, plaintiff's complaint is subject to dismissal. To begin, she has not presented sufficient facts to state a claim under Title VII. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

To establish a prima facie case of discriminatory failure to hire, a plaintiff must plead that (1) she belongs to a protected class; (2) she applied and was qualified for a job for which the defendant was seeking applicants; (3) defendant rejected plaintiff; and (4) after rejecting plaintiff, defendant continued to seek applicants with her qualifications." *E.E.O.C. v. Audrain Health Care, Inc.*, 756 F.3d 1083, 1087 (8th Cir.2014) (citing *Hunter v. United Parcel Serv., Inc.*, 697 F.3d 697, 703 (8th Cir.2012)). A plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework.[2]

The ADA makes it unlawful to discriminate against a qualified individual "on the basis of disability," including by failing to hire an applicant. 42 U.S.C. § 12112(a); *see Chalfant v. Titan Distrib., Inc.,* 475 F.3d 982, 991 (8th Cir. 2007) (reasoning "disability must be a motivating factor

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] To establish a prima facie case of retaliation under Title VII, an employee must show that: "(1) he or she engaged in statutorily protected activity, (2) the employer took adverse action against him or her, and (3) a connection exists between the two occurrences." *Tademe v. Saint Cloud State Univ.,* 328 F.3d 982, 991-92 (8th Cir. 2003). A "connection, or "causal link," between the two occurrences "requires evidence that 'retaliatory motive played a part in the adverse employment action.'" *Duncan v. LaSalle (Mgmt.) Grp., Ltd.,* No. 09-1574 (DSD/JJG), 2010 WL 276242 at *3, (D. Minn. Jan. 15, 2010) (quoting *Kipp v. Mo. Highway & Transp. Comm'n,* 280 F.3d 893, 897 (8th Cir. 2002)).

in the employer's" adverse employment action); *see also Lipp v. Cargill Meat Sols. Corp.,* 911 F.3d 537, 543 (8th Cir. 2018) (reasoning direct evidence of disability discrimination must "support an inference that discriminatory attitude more likely than not was a motivating factor" (quoting *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.,* 444 F.3d 961, 966 (8th Cir. 2006)).

Like other forms of employment discrimination, a plaintiff may prove disability discrimination claim premised on failure-to-hire either by offering direct evidence of discrimination or by creating an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *See Oehmke v. Medtronic, Inc.,* 844 F.3d 748, 755 (8th Cir. 2016). To establish a prima facie case of disability discrimination, a plaintiff must show that she: 1) is disabled within the meaning of the ADA;[3] 2) is qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) has suffered an adverse employment action based on the disability. *Knutson v. Schwan's Home Serv., Inc.,* 711 F.3d 911, 914 (8th Cir. 2013).

Here, plaintiff's allegations fail to meet these requirements. Although plaintiff alleges that she received an email rejection, she also asserts that she received several emails requesting that she fill out an "assessment" so that she could proceed to the next step in the interview process. Moreover, plaintiff fails to allege that she was discriminated against based on any of the Title VII characteristics, i.e., race, color or gender, or because she was disabled based on a qualified disability under the ADA. Indeed, she never specifies in her complaint her own race, color, or alleged disability, nor does she allege membership in any protected class. The Court cannot assume

---

[3]The ADA defines disability in the following three ways: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2*); Webner v. Titan Distribution, Inc.,* 267 F.3d 828, 833 (8th Cir.2001). A person is regarded as disabled if "(1) the employer mistakenly believes that the employee has an impairment (which would substantially limit one or more major life activity), or (2) the employer mistakenly believes that an actual impairment substantially limits one or more major life activity." *Wenzel v. Missouri-American Water Co.,* 404 F.3d 1038, 1041 (8th Cir. 2005).

facts that are not pleaded. Furthermore, plaintiff does not present any facts demonstrating disparate treatment, as the complaint is void of any allegation that similarly situated employees of a different race, color or perceived disability were treated more favorably. Plaintiff has also failed to allege any conduct relating to alleged retaliatory behavior by defendant, either under the ADA or Title VII.

As discussed above, plaintiff's complaint is subject to dismissal. Because plaintiff is a self-represented litigant, however, the Court will direct her to file an amended complaint according to the instructions set forth below. Plaintiff will also be required to submit a copy of her charge of discrimination along with her amended complaint so that the Court may ascertain whether she has fully exhausted her administrative remedies.

### B.  Exhaustion of Administrative Remedies

A plaintiff bringing an employment discrimination action under Title VII or the ADA must bring the action within ninety (90) days from receipt of the notice of right to sue letter. 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a). The ninety-day period represents a limitations period that bars a suit not filed within that time. *Hales v. Casey's Mktg. Co.,* 886 F.3d 730, 736 (8th Cir. 2018). Failure to file suit within ninety (90) days after receipt of a notice from the EEOC renders a plaintiff's action untimely. *See Brooks v. Ferguson-Florissant Sch. Dist.,* 113 F.3d 903, 905 (8th Cir. 1997) (noting the EEOC letter "plainly" said the plaintiff would lose his right to a cause of action if one was not filed within 90 days).

Plaintiff filed the instant action on September 13, 2022. Although it appears that plaintiff has filed this action within the ninety-day time period, the Court is unable to ascertain if plaintiff has administratively exhausted the claims in the instant lawsuit with the EEOC without reviewing a copy of the charge of discrimination.

Both Title VII and the ADA require an administrative claim be filed and resolved prior to bringing a judicial action on the same claim. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's enforcement procedures). In other words, the claims plaintiff asserts in the instant federal complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

In consideration of plaintiff's self-represented status, the Court will provide her with an opportunity to submit a complete copy of her EEOC charge of discrimination so that the Court may ascertain whether she has fully exhausted her administrative remedies with respect to her claims.

### C. Amendment Instructions

Plaintiff should type or neatly print her amended complaint on the Court's employment discrimination complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, **all** the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the section of the form complaint to state her claim, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff

should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff should specify all legal grounds for her employment discrimination lawsuit, and provide all required information regarding the defendant or defendants. She should detail all facts regarding the specific conduct she believes is discriminatory. Plaintiff is required to set out her alleged claims in a simple, concise, and direct manner, and to also present the facts supporting her claims as to the named defendant or defendants. The Court emphasizes that plaintiff is required to provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Moreover, she must present factual allegations that are "enough to raise a right to relief above the speculative level." *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

As noted above, plaintiff is required to submit a copy of the charge of discrimination she submitted to the EEOC as an attachment to the amended complaint. Her failure to do so may result in a dismissal of this action, without prejudice.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff shall attach to her amended complaint a copy of her charge of discrimination, filed with the Equal Employment Opportunity Commission.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order or if she fails to file a copy of her charge of discrimination with the Court, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint and the charge of discrimination, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 16th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE