# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHNEAN ALEXIS SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-118 ACL |
| ALORICA HEALTHCARE, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court upon review of plaintiff Johnean Smith's amended complaint for frivolousness, maliciousness and for failure to state a claim. [ECF No. 5]. After reviewing the amended complaint and the attached charge of discrimination, the Court finds that plaintiff's action is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* She names Alorica Healthcare as the defendant in this action.

Plaintiff filed the instant action on September 13, 2022. [ECF No. 1]. Because plaintiff's allegations in her original complaint failed to state a sufficient claim for relief, the Court ordered plaintiff to amend her pleading on September 16, 2022. [ECF No. 4]. Plaintiff was ordered to file

a copy of her charge of discrimination as an attachment to her amended complaint. Plaintiff filed her amended complaint, as well as a copy of her charge of discrimination on September 22, 2022, in compliance with the Court's Order. [ECF No. 5].

In her amended complaint plaintiff once again alleges that defendant Alorica Healthcare discriminated against her on the basis of her race, color and disability in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* Plaintiff alleges that defendant failed to hire her and retaliated against her for filing a charge of discrimination with the Missouri Commission on Human Rights (MCHR).[1]

In the section for plaintiff to specify the essential elements of her claim, she states the following:

> I am an African American, disabled woman. In May I applied for employment with Alorica Healthcare. I am disabled within the meaning of Americans with Disabilities Acts but able to complete the functions of the job without accommodation. As part of the application process I completed an assessment in which I passed. On 5-23-2022 I received an email from defendant telling me that I was a good match for employment and congratulating me. Later that same day I was telephone interviewed by Noe Antipuesto, a talent specialist with Alorica. He said after interviewing me that the next step would be a virtual interview on 5-26-2022. He stated I would receive the link for that interview. I never received the link nor did I receive further information or correspondence. On 5-26-2022 I received a rejection email after I filed a charge of discrimination with the EEOC the very next day on 8-03-2022 I received a text message from Alorica prompting me to complete an assessment again. On 5-23 I had already successfully completed the assessment. Based on all the stated reasons above I believe I was discriminated against based on disability, race/color. Dark skinned African American. I feel as if I had all the qualification and was even told so by Alorica's talent specialist. I feel the only reason two texts were sent prompting the assessment was because I had filed the charge of discrimination during the phone interview I was asked if I would be able to do the job without accommodation for my disability and I replied yes.

---

[1]Missouri is known as a "dual-filed" state, thus, by filing a charge of discrimination with the MCHR, plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). It appears plaintiff signed her charge of discrimination on August 3, 2022.

Although plaintiff fails to identify the position she interviewed for in the base of her amended complaint, in her charge of discrimination, she notes that she was interviewing for the position of "Customer Service Healthcare Representative." Plaintiff alleges in her charge that she received a "rejection" email after her telephone interview with Mr. Antipuesto on May 26, 2022. Plaintiff states in her charge that she was discriminated against on the basis of color, disability, race and sex and that the discrimination took place on or about May 26, 2022.[2]

Plaintiff electronically signed her charge of discrimination on August 3, 2022. Nowhere in her amended complaint or her charge of discrimination does plaintiff identify her alleged disability. Just as in her amended complaint, plaintiff also fails to allege facts that make her believe she was discriminated against as a result of her race, color and purported disability.

Plaintiff asserts that she would like compensation for "emotional and financial strain."

### Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to Title VII and the ADA. Having reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, the Court has determined that this action is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

**A. Plaintiff Has Failed to Allege Sufficient Facts of Discriminatory Failure to Hire Under Title VII or the ADA**

Plaintiff has failed to present sufficient facts to state a claim under Title VII or the ADA. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of

---

[2]Although plaintiff alleged discrimination on the basis of sex in her charge of discrimination, she has failed to allege gender discrimination in her amended complaint.

4

race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

To establish a prima facie case of discriminatory failure to hire, a plaintiff must plead that (1) she belongs to a protected class; (2) she applied and was qualified for a job for which the defendant was seeking applicants; (3) defendant rejected plaintiff; and (4) after rejecting plaintiff, defendant continued to seek applicants with her qualifications." *E.E.O.C. v. Audrain Health Care, Inc.*, 756 F.3d 1083, 1087 (8th Cir.2014) (citing *Hunter v. United Parcel Serv., Inc.*, 697 F.3d 697, 703 (8th Cir.2012)). A plaintiff must additionally allege either direct evidence of discrimination,[3] or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[4] burden shifting framework. The ADA makes it unlawful to discriminate against a qualified individual "on the basis of disability," including by failing to hire an applicant. 42 U.S.C. § 12112(a); *see Chalfant v. Titan Distrib., Inc.,* 475 F.3d 982, 991 (8th Cir. 2007) (reasoning "disability must be a motivating factor in the employer's" adverse employment action); *see also Lipp v. Cargill Meat Sols. Corp.,* 911 F.3d 537, 543 (8th Cir. 2018) (reasoning direct evidence of disability discrimination must "support an inference that discriminatory attitude more likely than not was a motivating factor" (quoting *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.,* 444 F.3d 961, 966 (8th Cir. 2006)).

---

[3] Direct evidence shows a "specific link" between discriminatory animus and an employment decision. *See Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir. 1997); *see also Kriss v. Sprint Communications Co.,* 58 F.3d 1276, 1282 (8th Cir.1995) (requiring evidence of "conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude ... sufficient to permit the factfinder to find that that attitude was more likely than not a motivating factor in the employer's decision" in order to merit a mixed-motive analysis).

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Like other forms of employment discrimination, a plaintiff may prove disability discrimination claim premised on failure-to-hire either by offering direct evidence of discrimination or by creating an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *See Oehmke v. Medtronic, Inc.,* 844 F.3d 748, 755 (8th Cir. 2016). To establish a prima facie case of disability discrimination, a plaintiff must show that she: 1) is disabled within the meaning of the ADA; 2) is qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) has suffered an adverse employment action based on the disability. *Knutson v. Schwan's Home Serv., Inc.,* 711 F.3d 911, 914 (8th Cir. 2013).

The ADA defines disability in the following three ways: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *Webner v. Titan Distribution, Inc.,* 267 F.3d 828, 833 (8th Cir.2001). A person is regarded as disabled if "(1) the employer mistakenly believes that the employee has an impairment (which would substantially limit one or more major life activity), or (2) the employer mistakenly believes that an actual impairment substantially limits one or more major life activity." *Wenzel v. Missouri-American Water Co.,* 404 F.3d 1038, 1041 (8th Cir. 2005).

As noted above, plaintiff claims in her amended complaint that defendant is responsible under Title VII for failing to hire her. She believes the failure to hire must have had to do with either her race, color or her disability. However, plaintiff has completely failed to list any direct evidence or indirect evidence of discrimination in her complaint relating to the alleged discrimination she believes occurred, stating only that the perceived failure to hire her occurred when defendant failed to provide her a link to register for a virtual interview slated to occur on May 26, 2022. Plaintiff does not allege that the purported failure to email the link by an unnamed

6

person at Alorica Healthcare was a result of her race, purported disability or color. In fact, she completely fails to tell the Court what her perceived disability is or whom at Alorica Healthcare she blames for the perceived failure to hire. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Additionally, the amended complaint is void of any allegation that similarly situated employees of a different race, color or perceived disability were treated more favorably. For these reasons, the Court cannot sustain plaintiff's failure to hire claims under either the ADA or Title VII.

This Court cannot assume facts that are not alleged. *Stone,* 364 F.3d at 914-15. Liberally construing the amended complaint, the Court concludes that plaintiff's allegations for failure to hire under both Title VII and the ADA fail to survive review under 28 U.S.C. § 1915(e)(2)(B). As plaintiff has not adequately stated failure to hire claims under either the ADA or Title VII, these claims will be dismissed. *See Martin*, 623 F.2d at 1286 (pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law).

**B. Plaintiff Has Failed to Allege Sufficient Facts of Retaliation Under Title VII or the ADA**

Plaintiff indicates in her amended complaint that she received a rejection letter on May 26, 2022, or approximately three days after she had a telephone interview with the talent specialist at Alorica Healthcare. She claims that the talent specialist had told her she would be receiving a link to set up a virtual interview with Alorica, but instead, she received a rejection letter on the date she was supposed to have the interview. Although plaintiff states in her amended complaint that she filed a charge of discrimination the "next day," her charge of discrimination is dated August 3, 2022. Further, she admits in her amended complaint that this is the correct date of filing.

7

Nonetheless, plaintiff claims that defendant Alorica Healthcare terminated her in retaliation for filing a complaint with the MCHR.

To establish a prima facie case of retaliation under Title VII, an employee must show that: "(1) he or she engaged in statutorily protected activity, (2) the employer took adverse action against him or her, and (3) a connection exists between the two occurrences." *Tademe v. Saint Cloud State Univ.,* 328 F.3d 982, 991-92 (8th Cir. 2003). A "connection, or "causal link," between the two occurrences "requires evidence that 'retaliatory motive played a part in the adverse employment action.'" *Duncan v. LaSalle (Mgmt.) Grp., Ltd.*, No. 09-1574 (DSD/JJG), 2010 WL 276242 at *3, (D. Minn. Jan. 15, 2010) (quoting *Kipp v. Mo. Highway & Transp. Comm'n*, 280 F.3d 893, 897 (8th Cir. 2002)). Here, plaintiff's allegations fail to meet these requirements.

Plaintiff's case lacks a causal connection, as she received the rejection letter on May 26, 2022, prior to filing her charge of discrimination with the MCHR on August 3, 2022. For this reason, any claims of retaliation under either the ADA or Title VII are subject to dismissal. Plaintiff has also failed to allege any conduct relating to alleged retaliatory behavior by defendant, either under the ADA or Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended complaint is **DENIED AND DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of October, 2022.

                                    HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE